G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorney for Plaintiff
Israel Gutierrez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ISRAEL GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.; and DOES 1 to 10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF**<br><br>1. **ROSENTHAL FAIR DEBT COLLECION PRACTICES ACT CAL. CIV. CODE § 1788**<br><br>2. **CALIFORNIA BUSINESS AND PROFESSIONS CODE CAL. BP. CODE § 17200**<br><br>3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CAL. CIV. CODE § 1785.25**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES -1-
Case No. _____

ISRAEL GUTIERREZ (referred to as "Mr. Gutierrez" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint for damages against Defendant JPMORGAN CHASE BANK, N.A. ("Defendant") and based on personal knowledge, and on information and belief alleges as follows:

## **INTRODUCTION**

1.     This is an action for actual and statutory damages brought by Plaintiff, ISRAEL GUTIERREZ, an individual consumer, and members of the class, against Defendant, JPMORGAN CHASE BANK, N.A. for violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, for violations of the California Business and Professions Code § 17200, which was designed to protect consumers from illegal, fraudulent, and "unfair" business practices, and for violations of California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, *et seq.* ("CCRAA").

## **VENUE AND JURISDICTION**

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from Defendant.

COMPLAINT FOR DAMAGES -2-
Case No. _____

3.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Defendant does or transacts business within this District and maintains multiple business offices within this District, and because Defendant's collection communications were received by the class members within this District.

**PARTIES**

4.      Mr. Gutierrez is an individual, residing in Rancho Cucamonga, San Bernardino County, California 91739.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person, and thus Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h), and a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a company incorporated in the State of Delaware with its principal place of business in the State of New York.

6.      Defendant's principal purpose is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to Defendant.  In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).  Upon information and belief, Defendant regularly engages in the collection of debt by use of the mails

COMPLAINT FOR DAMAGES -3-
Case No. _____

and telephone in California.  Defendant is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

7.  The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## **BACKGROUND**

8.   Upon information and belief, within one year prior to the filing of this action, Defendant attempted to collect an alleged debt from Plaintiff consisting of money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9  *California Code of Civil Procedure § 580b* ("*CCP § 580b*") precludes personal liability for a deficiency resulting from any loan obtained to pay the purchase price of an owner-occupied residential property.

10.  Between 1933 and 1963, *CCP § 580* was amended several times to include an anti-deficiency provision that would effectively prohibit lenders from seeking to collect a deficiency judgment against a debtor personally after the sale of residential property. This provision is subsection (b) of *CCP § 580*.

COMPLAINT FOR DAMAGES -4-
Case No. _____

11.     California courts at this time were concerned with the "evil" actions of creditors who frequently bid on debtors' real property at nominal figures while holding the debtors liable for a large portion of their original debts at the same time.

12.     Thus, the legislature enacted CCP § 580b to, among other things: (1) prevent the over-evaluation of land; (2) encourage home ownership; and (3) prevent a downturn in the economy that would likely occur if purchasers of land were burdened with personal liability in the event of falling home prices.

13.     *CCP § 580b* prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home.

14.     California law also makes it clear that a borrower may generally not waive the protections of *CCP § 580b*. The California Supreme Court has specifically stated that "to allow a purchase money creditor to circumvent the absolute rule [of prohibiting deficiency judgments] by enforcing a … waiver of *CCP § 580b* in exchange for other concessions would flout the very purpose of the rule." So in the absence of informed consent and consideration to the seller, the anti-deficiency protections of *CCP § 580b* cannot be waived.

15.     Borrowers, including Plaintiff and other California consumers, should not be liable for deficiency in a short sale transaction because (1) they are not specifically agreeing to waive deficiency protections; (2) they are not receiving any

COMPLAINT FOR DAMAGES -5-
Case No. _____

consideration in the short sale transaction; and (3) the loans were used to originally purchase a primary residence and protected by *CCP § 580b*.

## FACTUAL ALLEGATIONS

16.     On or about May 2005, Mr. Gutierrez purchased his primary residence, located at 18531 Toehee St., Perris, CA 92570.  Mr. Gutierrez obtained a loan, all of which was used for the purchase of his primary residence, and therefore is considered to be purchase money and protected by CCP § 580b.

17.     Sometime thereafter, Mr. Gutierrez allegedly fell behind in the payments allegedly owed on the alleged debt as a result of the severe economic turmoil and financial difficulties.

18.     On or about August 2010, Mr. Gutierrez sold the residence by way of a "short sale" with Defendant receiving approximately $300,000.00.  At the time of the short sale, the balance on the loan was approximately $600,000.00.

19.     In the short sale agreement that was signed with Defendant, Mr. Gutierrez did not agree that he would be liable for a deficiency balance.  Even if he did, Mr. Gutierrez's loan was a purchase money loan and no deficiency obligation was due or owing at the time of the sale, and this protection cannot be waived.

20.     Nonetheless, Defendant has continued collection efforts on the purported deficiency balance, alleging that Mr. Gutierrez is indebted to Defendant in the amount of approximately $300,000.00.  Defendant has attempted to collect

COMPLAINT FOR DAMAGES -6-
Case No. _____

on this purported deficiency balance even though there is no debt owed under California law. While Mr. Gutierrez has consistently and repeatedly explained to Defendant that he does not owe this debt and the debt is non-collectible due to CCP § 580b, Defendant contends that Mr. Gutierrez still owes the alleged outstanding deficiency balance.

21. Despite these good-faith attempts, Plaintiff made no progress and was constantly misled by Defendant's assertions that Plaintiff was not protected by *CCP § 580b.*

22. As a result of Defendant's false and deceptive collection efforts, Mr. Gutierrez has sustained substantial monetary damages which continue to the present date.

23. Defendant's conduct in regularly and repeatedly attempting to collect the alleged deficiency balance amounts to an unfair or unconscionable means to collect or attempt to collect a debt.

24. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress and Defendant's conduct did cause and continues to cost such mental distress.

25. Mr. Gutierrez is not alone; Defendant has improperly, unlawfully, and without legal authority attempted to collect invalid debts from Plaintiff and other California consumers – including threats of legal actions if California consumers

COMPLAINT FOR DAMAGES -7-
Case No. _____

did not pay Defendant significant sums for debts that were not owed. Defendant

has also made various reports to credit agencies that California consumers are

delinquent on these un-collectible debts. These acts and omissions constitute

unlawful, unfair, and fraudulent conduct under California's Unfair Competition

Law, Business & Professions Code § 17200, *et seq.* (the "UCL"), violate the

California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a),

and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

## **CLASS ALLEGATIONS**

26.     Plaintiff brings this lawsuit on behalf of himself and the proposed

Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The

proposed Class consists of:

> All persons who obtained a loan from Defendant, for purposes of purchasing their primary residence, secured by property located in the State of California that was subsequently sold, where Defendant continued to collect a deficiency balance in the four years prior to the filing of the Complaint.

27.     Excluded from the Class are Defendant and any of its officers,

directors, and employees.

28.     ***Numerosity***. The members of the Class are so numerous that their

individual joinder is impracticable. Plaintiff is informed and believes, and thereon

alleges, that the proposed Class contains thousands of members. While the precise

number of Class members is unknown to Plaintiff, it is known to Defendant.

COMPLAINT FOR DAMAGES -8-
Case No. _____

29.     ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on standard form contracts. The common legal and factual questions include, but are not limited to, the following:

a.      Whether Defendant has a policy of collecting deficiency balances that are not owed by Plaintiff and the Class members;

b.      Whether the alleged conduct constitutes violations of *CCP § 580b*;

c.      Whether the alleged conduct constitutes violations of *California Civil Code* § 1788, et seq.;

d.      Whether the alleged conduct constitutes violations of *California Business & Professions Code* § 17200, et seq.;

e.      Whether the alleged conduct constitutes violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a);

f.      Whether Plaintiff and Class members have sustained monetary of property loss and the proper measure of that loss;

g.      Whether Plaintiff and Class members are entitled to declaratory and injunctive relief; and,

h.      Whether Plaintiff and the class is entitled to restitution.

30.     **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff is a member of the Class that he seeks to represent.

31.     **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff has retained counsel experienced in the prosecution of this type of class action litigation. Plaintiff has no adverse or antagonistic interests to those in the Class.

32.     **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant. Further the adjudication of this action presents no unusual management difficulties.

COMPLAINT FOR DAMAGES -10-
Case No. _____

33.     Unless a class is certified, Defendant will retain monies received as a result of their conduct that was taken from Plaintiff and proposed Class members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class will continue to be misled and denied their rights. Defendant has acted or refused to act on grounds that are generally applicable to the class so that injunctive and declaratory relief is appropriate to the Class as a whole.

## <u>COUNT I - FIRST CAUSE OF ACTION</u>

### (VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ)

34.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35.     Defendant is a debt collector within the meaning of California Civil Code § 1788.2(c) because it regularly engages in debt collection. The monies allegedly owed by the plaintiffs and members of the Class are debts within the meaning of California Civil Code § 1788.2(d).

36.     Defendant violated *Cal. Civ. Code § 1788.17* of the RFDCPA by failing to comply with *§ 1692 et seq.* of the Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following:

COMPLAINT FOR DAMAGES -11-
Case No. _____

(a)    Defendant violated 15 U.S.C. § 1692e(2) by making

false representations concerning the character, amount or legal

status of any debt in asserting that the alleged debt alleged to be

owed by Plaintiff and the Class members was not protected

under CCP § 580b.

(b)    Defendant violated 15 U.S.C. § 1692e(10) by making

false representations or using deceptive means to collect or

attempt to collect on any debt by falsely representing to Plaintiff

and members of the Class that the alleged debt Defendant was

attempting to collect was not protected by *CCP § 580b*.

37.    As a result of the foregoing violations of the RFDCPA,

Defendant is liable to Plaintiff for actual damages, statutory damages, and

costs and attorney fees.

## COUNT II - SECOND CAUSE OF ACTION

### (VIOLATION OF VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

38.    Plaintiff incorporates herein by reference all of the above

paragraphs of this Complaint as though fully set forth herein at length.

39.    Actions for relief under the unfair competition law may be

based on any business act or practice that is within the broad definition of

COMPLAINT FOR DAMAGES -12-
Case No. _____

the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

40.     *California Business & Professions Code § 17200* prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

41.     As discussed above, Defendant has systematically and continuously attempted to collect upon alleged debts neither owed by Plaintiff nor the Class members due to the protection afforded by *California Civil Code § 580*. Defendant's conduct constitutes violations of *CCP §*

COMPLAINT FOR DAMAGES -13-
Case No. _____

*580b*; *15 U.S.C. §§ 1692e(2)(A)* and *1692e(10).* These sections of the FDCPA are incorporated into the RFDCPA through *California Civil Code § 1788.17.* Thus, Defendant has violated *California Civil Code § 1788.17.*

42.     Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class since Plaintiff and the members of the Class have suffered monetary damages. In addition, Defendant's deceptive conduct led Plaintiff and the members of the Class to make a payment to Defendant despite the fact that Plaintiff and the Members of the Class do not owe the alleged debt to Defendant or any other party. This payment exacerbated the substantial hardship currently being suffered by Plaintiff and the Class Members since these consumers were already experiencing extreme financial hardships as a result of the current economic downturn. Furthermore, Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class and as a result statutory damages are now due to Plaintiff and the members of the Class.

43.     Thus, Defendant's conduct has violated the "unlawful" prong of *California Business & Professions Code § 17200.*

44.     *California Business & Professions Code § 17200* prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair"

COMPLAINT FOR DAMAGES -14-
Case No. _____

business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

45.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

46.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff. Plaintiff suffered injury in fact and has lost money by having to defend himself against Defendant for an alleged debt that is not owed by Plaintiff. It should be noted that Plaintiff and the Class members are already facing dire financial situations that forced said consumers to sell their primary residence via short sale. Furthermore, due to Defendant's unlawful, unfair and fraudulent practices, Plaintiff's credit rating has declined and Plaintiff has lost money and property as a result

COMPLAINT FOR DAMAGES -15-
Case No. _____

thereof. Moreover, Plaintiff also spent significant time and money investigating Defendant's claims. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

47.    Moreover, Defendant's deceptive conduct of collecting debts from consumers that were not owed by said consumers solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class to possibly pay Defendant monies that Defendant had no right to collect from these consumers due to the protections afforded by *CCP § 580b*. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

48.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided. After Defendant, a multinational bank, falsely represented that the *CCP § 580b* protections did not apply to the deficiency balances at issue, these consumers paid monies to Defendant in an attempt to protect themselves from the adverse consequences of owing such a substantial amount of money. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to make a payment toward an alleged debt that these consumers

COMPLAINT FOR DAMAGES -16-
Case No. _____

did not owe. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

49.     Thus, Defendant's conduct has violated the "unfair" prong of *California Business & Professions Code § 17200*.

50.     *California Business & Professions Code § 17200* prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

51.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that multitudes of class members actually paid monies to Defendant despite the fact that they did not owe said monies, or any money for that matter, to Defendant due to the protections of *CCP § 580b*. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant, a multinational bank, and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

COMPLAINT FOR DAMAGES -17-
Case No. _____

52.     Thus, Defendant's conduct has violated the "fraudulent" prong of *California Business & Professions Code § 17200.*

## COUNT III - THIRD CAUSE OF ACTION

### (VIOLATION OF VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

53.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

54.     Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should have known was inaccurate.

55.     Upon information and belief, Defendant continued to report that Plaintiff owed a deficiency balance despite the fact that no deficiency was owed pursuant to CCP 580b.

56.     The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.  California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

COMPLAINT FOR DAMAGES -18-
Case No. _____

57.     In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

58.     Defendant knew or should have known that the protections of *CCP § 580b* applied and that Plaintiff was not obligated to pay the amounts demanded by Defendant. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the class respectfully request that judgment be entered against Defendant for the following:

a.     Certifying the Class as requested herein;

b.     Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and § 1785.31(a)(2)(A);

c.     Statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d.     Costs and reasonable attorney fees pursuant to Cal. Civ. Code § 1788.30(c) and § 1785.31(a)(1) and § 1785.31(d);

COMPLAINT FOR DAMAGES -19-
Case No. _____

e.    An award of punitive damages of $100.00 - $5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

f.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g.    For equitable, injunctive, and monetary relief pursuant to *California Business and Professions Code § 17203*; and

h.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, ISRAEL GUTIERREZ, demands trial by jury in this action.

Dated: April 15, 2014

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By: /s/ G Thomas Martin, III
     G. Thomas Martin, III
     Attorney for Plaintiff

COMPLAINT FOR DAMAGES -20-
Case No. _____